**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 24 B 11314 |
| | ) | |
| RASHAUN FUMBANKS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**MEMORANDUM ORDER GRANTING MOTION TO DISMISS**
**WITH TWO-YEAR BAR TO REFILING**

This matter comes before the court on the motion of Marilyn O. Marshall, Standing
Chapter 13 Trustee ("Trustee") to dismiss the bankruptcy case filed by Rashaun Fumbanks
("Debtor") with a two-year bar to refiling ("Motion to Dismiss").  At the initial hearing on
October 7, 2024, the court heard the arguments of the Trustee and Debtor.  The court entered a
briefing schedule, allowing Debtor until October 21, 2024 to file a response.  He did not do so.

Having reviewed the Motion to Dismiss and considered the record by taking judicial
notice of the docket in this case and in the Debtor's prior cases, *see* F.R.E. 201, the court will
grant the Motion to Dismiss with a two-year bar to refiling.

**I.      JURISDICTION**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district
court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C. §
157(b)(2)(A) and (O).  Venue is proper under 28 U.S.C. § 1409(a).

**II.      BACKGROUND**

Debtor filed this case on August 2, 2024.  It is the Debtor's 18th bankruptcy case in 13
years.  With the exception of the first two cases, all were filed without the assistance of an
attorney.  According to the court's CM/ECF system, the allegations in the Motion to Dismiss and

in the motions to dismiss filed in his earlier cases, as well as the final report and accounts filed in

those cases, the history of Debtor's cases is as follows:

| Case Number | Chapter | Petition Date | Disposition |
|---|---|---|---|
| 11 B 47062 | 13 | November 21, 2011 | Dismissed February 9, 2012. Debtor failed to attend the meeting of creditors or make any plan payments. |
| 12 B 15811 | 13 | April 18, 2012 | Dismissed August 15, 2012. Debtor failed to attend the meeting of creditors or make any plan payments. |
| 12 B 40265 | 13 | October 10, 2012 | Dismissed January 17, 2013 for failure to pay the filing fee. Debtor failed to file schedules or a plan, attend the meeting of creditors or make any plan payments. |
| 13 B 5085 | 13 | February 11, 2013 | Dismissed April 3, 2013 with a 180-day bar to refiling. Debtor did not pay any installments of the filing fee, file a plan or schedules or make any plan payments. |
| 15 B 41170 | 13 | December 4, 2015 | Dismissed January 11, 2016. Debtor failed to make any plan payments. |
| 16 B 22663 | 7 | July 14, 2016 | Dismissed September 6, 2016 with a 180-day bar to refiling and with a denial of discharge of all debts owed as of July 14, 2016. Debtor disclosed only one of his prior cases, failed to file schedules or attend the meeting of creditors. |
| 17 B 7575 | 13 | March 10, 2017 | Dismissed May 18, 2017 for ineligibility. Debtor made no plan payments. |
| 17 B 20237 | 13 | July 6, 2017 | Dismissed July 31, 2017 for failure to timely obtain credit counseling. Debtor made no plan payments. |
| 17 B 29809 | 13 | October 4, 2017 | Dismissed January 8, 2018 for failure to pay the filing fee. Debtor made no plan payments. |

| 19 B 8471 | 13 | March 25, 2019 | Dismissed April 29, 2019 for failure to file required documents.  Debtor made no plan payments. |
|---|---|---|---|
| 19 B 14886 | 13 | May 23, 2019 | Dismissed July 15, 2019 for failure to timely obtain credit counseling.  Debtor made no plan payments. |
| 19 B 28039 | 13 | October 2, 2019 | Dismissed November 18, 2019 for failure to submit tax returns and amend schedules.  Debtor made no plan payments. |
| 20 B 812 | 7 | January 10, 2020 | Dismissed February 25, 2020 for failure to file schedules and statement of financial affairs. |
| 20 B 19103 | 13 | October 22, 2020 | Dismissed December 7, 2020 for failure to tender required documents or attend the meeting of creditors.  Debtor made no plan payments. |
| 21 B 9798 | 13 | August 20, 2021 | Dismissed October 22, 2021 for failure to timely obtain credit counseling from an approved entity.  Debtor listed only one prior case and made no plan payments. |
| 22 B 3846 | 13 | April 1, 2022 | Dismissed April 28, 2022 for failure to file a credit counseling certificate. |
| 24 B 7543 | 13 | May 21, 2024 | Dismissed August 1, 2024 for unreasonable delay due to failure to attend the meeting of creditors. |

In the Motion to Dismiss, the Trustee states that Debtor has not submitted four years of tax returns or proof of his identity and Social Security number, all of which are required in order to hold the meeting of creditors under 11 U.S.C. § 341.  Neither has Debtor provided any pay advices as required by 11 U.S.C. § 521.  Debtor has not paid any installments of the filing fee for this case, and still owes outstanding filing fees for his prior cases.  Although he has filed a plan, it cannot be administered, and Debtor has not made any plan payments.

3

The U.S. Trustee appeared at the hearing on the Motion to Dismiss and presented his support for the relief requested.

The Debtor also appeared at the hearing and verbally opposed the Motion to Dismiss.  He asserted that he left messages at the Trustee's office regarding an arrangement for his plan payments, but did not receive any response.  When he sent in a payment, it was returned.  He stated that he has tried to contact the Bankruptcy Pro Se Help Desk,[1] but it is very busy.  He alleged that he was unable to attend his meeting of creditors because it conflicted with orientation for his employment.  Debtor also asserted that he was not required to submit tax returns because he has not filed any returns in the past 12 years.

The court explained that it would take Debtor's unsworn presentation as true and allow Debtor to file a written response.  All of the statements alleged in court would need to be supported with verifications of payments made and payments returned.  The court also suggested that Debtor explain and rebut the various allegations in the Motion to Dismiss.

Debtor did not file a written response to the Motion to Dismiss.

During the two-month period this case was pending before the court took the Motion to Dismiss under advisement, Debtor filed five motions for turnover of a Chevy Camaro.  Although the Local Bankruptcy Rules require seven days' notice of a hearing date on a motion, Debtor provided proper notice only for the fifth motion.

---

[1] The Bankruptcy Pro Se Help Desk is a free service provided in conjunction with the Chicago Bar Association and Legal Aid Chicago.  A paralegal coordinates the Help Desk, and volunteer lawyers are available to answer questions about filling out schedules, help with motions and other pleadings, or speak with parties about appearing in court *pro se*.

### III.    DISCUSSION

**A. Cause exists to dismiss this bankruptcy case pursuant to 11 U.S.C. § 1307(c)(1)**

The first question before the court is whether cause exists to dismiss this case under 11 U.S.C. § 1307(c): "Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]"  Section 1307(c) includes a list of circumstances that constitute cause, and the first item on that list is "unreasonable delay by the debtor that is prejudicial to creditors[.]"  The Trustee asserts that Debtor's failure to submit required documents or to file a feasible plan constitutes unreasonable delay.

The court finds that Debtor's failure to comply with the requirements of the Bankruptcy Code constitutes unreasonable delay, and therefore cause exists to dismiss this bankruptcy case. First, Debtor did not submit four years of tax returns or proof of his identity and Social Security number, all of which are required in order to hold the meeting of creditors under 11 U.S.C. § 341. Neither has Debtor provided any pay advices as required by 11 U.S.C. § 521.  Therefore, the meeting of creditors that was scheduled for August 26, 2024 could not go forward and it was not reset.

Second, Debtor has not paid the filing fee for this case.  He paid only a few installments of the required filing fee in some of his earlier cases.  Therefore, he owes hundreds if not thousands of dollars in outstanding filing fees for his prior cases.

Third, debtors are required to "commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier[.]"  11 U.S.C. §

1326(a)(1).  The commencement of Debtor's voluntary case on August 2 was an order for relief, so the first payment under his plan was due on September 3[2] and the second payment on or about October 2, 2024.  As of the October 7, 2024 hearing date, the Trustee had not received any funds. Debtor alleged that he left messages at the Trustee's office regarding an arrangement for his plan payment, but did not receive any responses.  Debtor did not explain why he needed a special arrangement, as the Trustee's website provides the address for mailing payments and the link for submitting payments online.  *See* https://chi13.com/ (last accessed February 10, 2025). Moreover, this case is Debtor's 16th chapter 13 case.

Finally, although Debtor filed a plan, it is not feasible.  It provides that he will pay $80 per month for 36 months with an estimated distribution to unsecured creditors of 3 cents on the dollar.  Inexplicably, since Debtor is *pro se*, section 4.3 provides for attorney's fees in the amount of $2,880.  In section 5.2, Debtor included a provision for the Trustee to make direct payments of $80 to Area Towing, Inc. to maintain the contractual installment payments on its nonpriority unsecured claim.  If the Trustee made these payments to Area Towing, however, it would leave no funds for Trustee fees or a distribution to unsecured creditors.  Also, including Area Towing in section 5.2 with unsecured claimants conflicts with Debtor's listing of Area Towing as a secured claimant on Schedule D, with a claim in the amount of $2,800.

In his Schedules, Debtor listed four creditors who are not properly provided for in his plan.  Auction/Redemptions and Caliber Collisions are included in Schedule D as secured creditors, but Debtor did not provide for their claims in Section 3 of his proposed plan.  Caliber Collisions, like Area Towing, is listed in Section 5.2 as a nonpriority unsecured claim.  Similarly, Debtor listed the City of Chicago Department of Finance and the Illinois Tollway in Schedule E

---

[2] September 1 was a Sunday and September 2, 2024 was a legal holiday.

with priority unsecured claims, but did not provide for payment of those claims in Section 4 of his proposed plan.

On Schedule J, Debtor included no line item for rent or mortgage and listed expenses totaling only $415.[3] His budget appears to leave monthly net income of $1,785 for plan payments, yet Debtor proposed payments of only $80 with less than full payment to unsecured creditors. If the Trustee or an unsecured creditor objects to confirmation, debtors must either commit all projected disposable income to their plan or pay unsecured creditors in full. *See* 11 U.S.C. § 1325(b).

For all of the reasons stated above, the court finds that there has been unreasonable delay by the Debtor that is prejudicial to creditors. This constitutes cause to dismiss his bankruptcy case pursuant to 11 U.S.C. § 1307(c)(1).

**B. This case presents an extreme situation that warrants dismissal with a bar**

The only remaining question is whether the court will grant the Trustee's request to dismiss with a two-year bar to refiling. Trustee cites 11 U.S.C. § 349(a), which provides that the court may dismiss a bankruptcy case with prejudice:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). The Seventh Circuit has ruled that under § 349 a court may dismiss a case with a bar to refiling:

> Normally, a dismissal of a bankruptcy petition has no long-term consequences for the debtor's ability to re-file. There is an exception, however, if the court "for cause" orders that the dismissal of the case is with prejudice. In that instance, the

---

[3] The court makes no findings as to whether a budget that includes only the following items is realistic: $50 for electricity/heat, $50 for telephone/cell phone/internet/cable, $200 for food, $40 for clothing and $75 for transportation.

order may either bar the later dischargeability of debts that would have been dischargeable in the dismissed proceeding, or it may preclude the debtor from filing a subsequent petition related to those debts. Dismissals with prejudice are therefore generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith. *In re Tomlin*, 105 F.3d 933, 937 (4th Cir.1997) (filing six bankruptcy petitions in seven years)[.]

*In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002) (citations omitted). *See also In re Bell*, 125 F. App'x 54 (7th Cir. 2005) (unpublished order).

On his petition, Debtor checked "yes" when asked if he had filed for bankruptcy within the last eight years but listed no cases, despite filing 17 cases since 2011. In case number 16 B 22663, the court barred Debtor from filing for relief under the Bankruptcy Code for 180 days and ruled that all debts incurred prior to July 14, 2016 were not eligible for discharge. According to the final reports filed by the Trustee in each of these cases, and despite seeking to reorganize his debts in 15 previous chapter 13 cases, Debtor *never made a single plan payment* in any of those cases.

Although serial filings are not bad faith per se, "a debtor's history of filings and dismissals may be evidence of bad faith." *In re Rios*, No. 13-11076, 2016 WL 8461532, at *3 (Bankr. D. Kan. Dec. 9, 2016) (footnote omitted). Moreover, filing a bankruptcy case without any ability or intent to reorganize is an abuse. *See In re Traylor*, 628 B.R. 1, 7 (Bankr. D. Conn. 2021). *See also In re King*, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1991) ("Strategic use of serial filings, particularly when coupled with failure to carry out debtor's duties in bankruptcy, shows lack of good faith justifying dismissal.").

Debtor's serial bankruptcy filings, without any showing that he intends to go forward with a plan of reorganization, are evidence of bad faith. In *In re Nixon*, the court described the Debtor's history of five bankruptcy cases within three years.

8

> It is clear from the number of filings as well as from the accelerated pace of the filings that the instant case was not filed in good faith. The Debtor has offered no reason for her multiple filings and has presented no evidence of a change in circumstances. Her multiple filings are prejudicial to her creditors and is a waste of judicial resources. It is also clear that the 180 day bar would be ineffective against this Debtor.

*In re Nixon*, No. 05-12169, 2005 WL 4041163, at *1 (Bankr. S.D. Ohio May 18, 2005).  *See also*

*In re Binion*, No. 23 B 5260, 2023 WL 4781665, at *7 (Bankr. N.D. Ill. July 26, 2023) (imposing

a three-year bar after finding that "[w]ithout a bar that remains in place for a meaningful period

of time, Debtor and his partner will continue their manipulation of the court system"); *In re Via*,

No. 3:19-BK-33999-SHB, 2020 WL 1015264, at *5 (Bankr. E.D. Tenn. Feb. 27, 2020) (imposing

a five-year bar on a debtor with "a long history of multiple filings and dismissals based on his

failure to comply with the threshold requirements of the Bankruptcy Code and orders of this

Court" after "Debtor apparently did not learn from the two-year bar imposed by this Court in

2015"); *In re Jones*, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003) (imposing a five year bar order

after considering "the Debtor's pattern of conduct, repeated instances of bad faith and lack of

meaningful participation in the prosecution of any of her five cases"); *In re McCoy*, 237 B.R.

419, 423 (Bankr. S.D. Ohio 1999) (imposing a permanent bar to refiling on a debtor who filed

eight bankruptcy cases in eight years and successfully completed only one case; his behavior

"appears to be motivated by a desire to delay foreclosure and other collection efforts of his

creditors").

This is Debtor's 18th bankruptcy case, and his second case in 2024.  All 15 of his prior

chapter 13 cases were dismissed without confirmation of a plan and, as stated above, without a

single payment to the Trustee.  Debtor's lack of good faith, pattern of conduct and failure to

comply with the statutory requirements imposed on those who seek relief under the Bankruptcy

9

Code constitute bad faith and warrant dismissal with prejudice.  The court will therefore grant the Trustee's request for a two-year bar to refiling.

### IV.    CONCLUSION

Having reviewed the papers filed and considered the arguments of the parties, the court concludes that there is unreasonable delay that is prejudicial to creditors.  Therefore, this bankruptcy case will be dismissed.  Since Debtor filed this case in bad faith and because of the extreme situation presented by these particular circumstances, **IT IS ORDERED THAT**:

1.  The Motion to Dismiss is **GRANTED**;

2.  Rashaun Fumbanks is barred from filing a petition under any chapter of title 11 of the United States Code for two years from the date of the entry of this Order, pursuant to 11 U.S.C. § 349; and

3.  Debtor's motion for turnover (EOD 31) is **DENIED** as **MOOT** and concluded.

ENTERED:

Date:  February 12, 2025

_____
DAVID D. CLEARY
United States Bankruptcy Code

10